On the Merits.
 

 THOMPSON, J.
 

 The defendant appeals from a life sentence for murder, and asks the court to reverse the conviction and sentence on the sole ground that the trial judge erred in overruling his motion f.or a new trial.
 

 The motion for a new trial covers nine typewritten pages, and alleges that the verdict of the jury was contrary to the law and the evidence, in that the jury failed to follow the instructions of the court on the question of reasonable doubt, and failed to give due and proper weight and effect to the evidence introduced to establish an alibi.
 

 There is no question of law involved. N.o complaint is made that the trial was illegal or irregular in any respect, and no suggestion is made that the charge of the court to jury was not proper, ,or that it did not fully cover ever phase of the case as presented before the jury.
 

 A synopsis of the evidence is given in the - motion for a new trial, and all of the evidence both for the state and the defense was attached to the motion, and was brought up to this court by certiorari under the provisions of Act 333 of 1926.
 

 The Constitution of this state has made the jury in all criminal cases the judges of the facts on the question of the guilt or innocence, and has limited the jurisdiction of this court, in criminal cases appealable to it, to questions of law alone.
 

 It is perfectly obvious, therefore, that this court, in .order to grant a new trial on the ground that the jury failed to give proper weight and consideration to the evidence, would have to usurp the power and function vested in the jury, in violation ,of the fundamental law governing trials by jury and appeals in criminal cases.
 

 This the court has so often refused to do, and so repeatedly announced such refusal, that it would seem useless to have to again refer to the matter.
 

 Another matter, set out in the motion for a new trial, and which has not escaped our attention, is directed at remarks made by the assistant district attorney to the jury, to the effect that the accused had a motive in shooting the deceased, because the accused himself was a union man and a member of the Longshoremen’s Association, and the deceased was a nonunion man and not a member of said association.
 

 The trial judge in his per curiam says that
 
 *335
 
 the remark ,of the district attorney was to the effect that the motive for the killing was known only to the deceased and ihe defendant, and that when the defendant objected he instructed the jury to disregard the statement of the district attorney.
 

 We find no reversible error in the remarks made by the district attorney, even though the judge had not instructed the jury, which was on his own motion, to disregard the remarks.
 

 It appearing that the defendant was a union man and the deceased was not, the district attorney was well within his rights to have argued that that furnished a motive.
 

 But he did not go that far, and contented himself with the statement that the motive was known only to the accused and the man whom he had killed.
 

 The accused had testified on his own behalf, and had full opportunity of refuting any intimation of a motive on his part for the killing, arising from the facts stated.
 

 The jury, after hearing the evidence, found the accused guilty. The trial judge, who likewise heard the evidence, gave his unqualified approval of that verdict. This court is without right and without power to say that either the jury or the court was wrong in so finding under the evidence.
 

 The conviction and sentence are affirmed.